IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.                             Civil No. 04-5227
                            Criminal No. 02-50011-001

JAVIER TORRES-CASTRO                     DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Javier Torres-Castro, a federal inmate, brings this motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The United States has filed a response.

DISCUSSION

Torres-Castro, a previously deported convicted felon, pled guilty to re-entry into the United States after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). At the sentencing on January 6, 2003, the district court imposed a 77-month prison term.

The presentence report (PSR) assessed a 16-level enhancement to the base offense level pursuant to § 2L1.2(b)(1)(A)(ii). This provision provides that 16 points are added to the base offense level of 8 when the defendant is deported after a conviction for a crime of violence, resulting in a total offense level of 21. The enhancement was not objected to by trial counsel and the district court adopted the enhancement.

On appeal, Torres-Castro argued that because he had not been convicted of a crime of violence prior to deportation, the district court erred in assessing the enhancement and made no findings in the matter. On September 9, 2003, the Eighth Circuit Court of Appeals affirmed the decision in an unpublished opinion. *United States v. Torres-Castro*, 75 F.Appx. 552, 2003 WL

22078652 (8th Cir. 2003) (unpublished). The Eighth Circuit applied a plain error standard of review because the claim had not been advanced at the district court level. The court found that, prior to his deportation, Torres-Castro had been convicted in Arkansas of third degree domestic battery which qualifies as a crime of violence. Torres-Castro filed a petition for certiorari which was denied on December 1, 2003. *Torres-Castro v. United States*, 540 U.S. 1065 (2003).

The first two claims in the instant motion involve the same 16-level enhancement challenged on direct appeal. Torres-Castro claims that his trial counsel was ineffective for failure to object to the enhancement and the district court erred in assessing the enhancement and failing to make findings.

The 2002 Sentencing Guidelines defined "crime of violence" as "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another" **and** "includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G. § 2L1.2, Application note (1)(B)ii. Torres-Castro points out he was not convicted of any of the specified offenses. However, on August 28, 2002, the Eighth Circuit construed the "and" in the application note to mean "or," stating this interpretation was consistent with legislative intent. *United States v. Gomez-Hernandez*, 300 F.3d 974 (8th Cir. 2002). Indeed, in the 2003 Guidelines, the "and" was changed to "or" to make clear the provisions were to be disjunctive. U.S.S.G. § 2L1.2, Application Note (1)(B)(iii).

Here, the matter of the enhancement was decided adversely to Torres-Castro on direct appeal when the Eighth Circuit found that Torres-Castro's conviction for third degree domestic battery qualified as a crime of violence. *See Thompson v. United States*, 7 F.3d 1377 (8th Cir. 1993) (claims

decided on direct appeal are not cognizable in a § 2255 motion). Further, defense counsel was not ineffective for failure to advance an argument that would not have been successful. *See Strickland v. Washington*, 466 U.S. 668 (1984)(ineffective assistance of counsel claim requires showing that counsel's performance was deficient and that the deficient performance prejudiced the defendant's case).

Torres-Castro's third and final claim is that the 16-level enhancement violates *Blakely v. Washington*, 530 U.S.___, 124 S.Ct. 2531 (2004). In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond reasonable doubt. *Id.* at 490. *Blakely,* expanding on *Apprendi*, held that the sentencing enhancements, other than criminal history, must be based on jury findings or admissions by the defendant and that a Washington state sentencing scheme allowing enhancements based on judge-found facts violated the Sixth Amendment. The Court later extended the *Blakely* holding to the federal sentencing guidelines, finding them no longer mandatory but advisory only. *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005).

*Blakely* and *Booker* are not applied retroactively on collateral review to a conviction such as Torres-Castro's that became final prior to release of the decisions. *Never Missed a Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Stoltz*, 2005 WL 2484417 (8th Cir. 2005). Further, the decisions do not apply because Torres-Castro's enhancement was based on his criminal history which is exempted from the holdings.

CONCLUSION

Based on the above, I recommend that the instant motion be denied and dismissed.[1]  **The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 4th day of November 2005.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

---

1. An evidentiary hearing need not be held when the motion, files and records show conclusively that the movant is not entitled to relief.  *Kingsberry v. United States*, 202 F.3d 1020, 1032 (8th Cir. 2000).